UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE PEDRO SALDANA MEZA, | No. 1:26-cv-01912-DJC-EFB |
| Petitioner, | |
| v. | ORDER |
| WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al. | |
| Respondents. | |

Petitioner Jose Pedro Saldana Meza brings a Petition for Writ of Habeas Corpus and a Motion for Temporary Restraining Order challenging the outcome of an allegedly unconstitutional bond hearing and seeking release from immigration custody.  The Court informed the parties that it intended to rule on the merits of the Petition.  As explained below, however, the Petition is referred to the assigned Magistrate Judge for further proceedings.  In the interest of judicial efficiency, the Motion for a Temporary Restraining Order is converted to a Preliminary Injunction and DENIED.

////

////

////

1

**BACKGROUND**

Petitioner Jose Pedro Saldana Meza previously filed a petition for writ of habeas corpus and a motion for a temporary restraining order in this Court. *Saldana Meza v. Warden*, No. 1:26-cv-00800-DJC-EFB, 2026 WL 323255 (E.D. Cal. Feb. 6, 2026). This Court granted the petition as to the procedural due process claim and ordered the Government to provide Petitioner with a constitutionally adequate bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations. (*See* Prior Order (ECF No. 12) at 4.) After the Court issued its order, the case was closed.

Petitioner subsequently received a bond hearing before an Immigration Judge on February 10, 2026. (IJ Order (ECF No. 12-2) at 1.) During the bond hearing, Petitioner was represented by counsel and, after hearing argument, the Immigration Judge denied bond. (Transcript ("Tr.") (ECF No. 15-8) at 1.) The Immigration Judge found that she had "significant concerns about the danger" Petitioner posed to the community with respect to his prior criminal history. (*Id.* at 4.) The Immigration Judge concluded that Petitioner did not meet his burden to show that he is not a danger to the community. (IJ Order at 1.) Petitioner retained his appeal rights and the deadline to appeal the Immigration Judge's order was March 12, 2026. (*Id.* at 2.) Petitioner did not file an appeal. (*See generally* MTD (ECF No. 12) at 2.)

On March 10, 2026, Petitioner filed a second Petition for Writ of Habeas Corpus in this Court. (Pet. (ECF No. 1).) The Government filed a Motion to Dismiss. (*See generally* MTD.) Petitioner filed a Motion for Temporary Restraining Order. (Mot. TRO (ECF No. 15).) The Motion for a Temporary Restraining Order is fully briefed. (Opp'n (ECF No. 19); Reply (ECF No. 20).) The Court informed the parties that it intended to rule on the merits of the Petition. (ECF No. 16.)

**LEGAL STANDARD**

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." *See Stuhlbarg Int'l Sales Co. v. John D. Brush &*

2

*Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  To obtain preliminary injunctive relief, Plaintiff must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "[I]f a plaintiff can only show that there are 'serious questions going to the merits' – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two Winter factors are satisfied."  *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (citations omitted).

**DISCUSSION**

**I.  Administrative Exhaustion**

The parties disagree whether prudential exhaustion should be waived.  (Opp'n at 2–4; Reply at 1–2.)  While the habeas statute itself, 28 U.S.C. § 2241, does not require exhaustion, *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004), "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241[,]" *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2004).  Waiver of the prudential exhaustion requirement is appropriate here as this Court and many other district courts have previously found.  *See, e.g.*, *Singh v. Andrews*, No. 1:25-CV-01543-DJC-SCR, 2025 WL 3523057, at *2 (E.D. Cal. Dec. 9, 2025).

**II.  *Winter* Factors**

**A.  Due Process**

Petitioner's claim that there was a procedural due process violation during the February 10, 2026 bond hearing is not likely to be successful on the merits.  In constitutional challenges to an Immigration Judge's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard.  *Martinez v. Clark,* 124 F.4th 775, 784 (9th Cir. 2024).  This type of review does not involve "reweigh[ing] evidence" but rather determines whether the

Immigration Judge "applied the correct legal standard." *Id.* (citation and quotations omitted). "In reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence. . . review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" *Quan v. Barr*, No. 20-cv-08118-LB, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021) (citation and quotations omitted). The reviewing court must bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions,* 872 F.3d 976, 981 (9th Cir. 2017). Courts may review an Immigration Judge's finding that an alien poses a flight risk for abuse of discretion. *See Zaitsev v. Warden,* No. 2:26-cv-00454-SPG-AS, 2026 WL 391429, at *10 (C.D. Cal. Feb. 9, 2026) (collecting cases).

### 1. Burden of Proof

Here, although Petitioner contends that the Immigration Judge applied the incorrect standard by not requiring the Government to bear the burden of proof (Mot. TRO ¶¶ 40–43), the Immigration Judge in fact complied with the terms of this Court's prior order, which ordered the Government to provide Petitioner with a bond hearing "pursuant to section 1226(a) and its implementing regulations[.]" (*See* Prior Order.) In a section 1226(a) bond hearing, the Ninth Circuit has held that the burden of proof is on the detainee. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1212 (2022).[1] The Immigration Judge cited the correct standard, as the transcript shows. She noted that "it is [Petitioner's] burden to show that he is not a danger and that he is not a flight risk . . . and that placing the burden on [Petitioner] is consistent with the TRO itself." (Transcript (Doc. 15-8) 2:47–50.) Per *Rodriguez*, this is the correct burden to apply in a section 1226(a) bond hearing and the Immigration Judge did not abuse her discretion

---

[1] Petitioner claims that the Government should bear the burden pursuant to Ninth Circuit authority, citing to *Lima v. Wofford*, 2025 WL 3535009, at *4 (E.D. Cal. Dec. 10, 2025). (Mot. TRO at 7.) *Lima*, in turn, cites to *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), which held that the burden should fall on the Government. But *Singh* has been abrogated by more recent Ninth Circuit authority in *Rodriguez-Diaz v. Garland*, as noted above. Petitioner's reliance on *Singh* is therefore unavailing.

in applying this burden.  If the immigration court "expressly cited and applied the relevant case law in rendering its decision," the Court accepts that it "applied the correct legal standard," unless there is an indication that "something is amiss." *Martinez*, 124 F.4th at 785 (cleaned up).  There is no indication in the record that the Immigration Judge misapplied the standard.  Accordingly, the Court concludes that its prior order was followed.

### 2.  Translation Services

Petitioner also challenges the procedures used during the bond hearing, specifically the Immigration Judge's decision to pause the Spanish translation partway through the hearing.  (Reply at 3.)  Petitioner contends that although he consented to have the Immigration Judge speak with his attorney about his case, the Immigration Judge never specifically asked him in Spanish whether he consented to not having the entire hearing interpreted.  (Reply at 3.)  The transcript reflects the following exchange:

> **Immigration Judge:** To the respondent through the Spanish language interpreter: Hello again, sir. Can you hear and understand the interpreter well today?
>
> **Petitioner:** I'm hearing him. Yes I am.
>
> **Immigration Judge Mullins:** Thank you sir. If at any time you have difficulty hearing or understanding the interpreter, please tell us right away**.**
>
> **Petitioner:** I'm hearing him, yes I am.
>
> **Immigration Judge Mullins:** Okay. So sir, we're accompanied today by your attorney, Mr. Beasley. Do I have your permission to talk with him about your case and for him to represent you today?
>
> **Petitioner:** Yes.
>
> **Immigration Judge Mullins:** Please pause interpretation. To Mr. Beasley, do you waive full and complete interpretation for purposes of this next conversation with you, me, and Mr. Uday?
>
> **Mr. Beasley (Petitioner's Counsel):** Yes, we waive.

**Immigration Judge Mullins:** Alright, Mr. Beasley, I usually explain to respondents at the beginning of their bond hearings, their rights and responsibilities in a bond proceeding.  Do you waive a reading of those advisals?

**Mr. Beasley (Petitioner's Counsel):** Yes, we can waive those.

(Tr. 1:15–39.)  The Ninth Circuit has held that "if the IJ properly exercises his discretion to afford the alien his reasonable opportunities, the alien receives a full and fair hearing, and all the process he is due.  *El Rescate Legal Servs v. EOIR*, 959 F.2d 742, 751 (9th Cir. 1991).  "The IJ exercises his discretion to determine whether protection of an alien's reasonable opportunities requires additional translation."  *Id.* at 752 (citation omitted).  Of course, in some situations an Immigration Judge must directly question an applicant to confirm that he understands the legal consequences of his decisions.  But those circumstances typically involve an applicant who is proceeding pro se.  *See, e.g., Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019); *United States v. Lopez-Velasquez*, 629 F.3d 894, 896–97 (9th Cir. 2010) (en banc).  On the other hand, Immigration Judges may rely on representations by counsel.  *See United States v. Galicia-Gonzalez*, 997 F.2d 602, 603 (9th Cir. 1993) (per curiam); *Troncoso-Oviedo v. Garland*, 43 F.4th 936, 942 (9th Cir. 2022).  In *Troncoso-Oviedo*, the petitioner contended that the immigration judge violated due process when she allowed petitioner's counsel to waive certain claims without directly questioning petitioner herself.  43 F.4th at 939.  The Ninth Circuit concluded there was no due process violation and the immigration judge was entitled to rely on counsel's statements, who confirmed petitioner's agreement to waive claims.  *Id.* at 942.  Here, like in *Tronscoso-Oviedo*, Petitioner was represented by counsel and explicitly gave consent to the Immigration Judge to speak with his counsel about his case.

But even assuming without deciding that the Immigration Judge's failure to translate the entire hearing or obtain Petitioner's explicit consent was a due process violation, *He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir. 2003) ("Due process requires that an applicant be given competent translation services.") (citation omitted), Petitioner

6

must also plausibly establish "error and substantial prejudice[,]" *see Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show "error and substantial prejudice" to establish due process violation).  This he does not do.  Petitioner objects that his "inability to hear the hearing, and preclusion from offering testimony at the hearing, certainly prejudiced him because he could not refute the Immigration Judge's assumption that he did not engage in rehabilitation after his DUI convictions." (Reply at 3.)  Regarding Petitioner's dangerousness, the Immigration Judge made the following findings:

> I have significant concerns about the criminal history in this case.  I too recognize that the criminal cases are older in relative terms.  Um, however, in a 236(a) bond proceeding where it's respondent that bears the burden, I'm really troubled by what's not in this record.  I don't have, for example, um, proof of rehabilitation.  I don't have, for example, proof that respondent satisfactorily completed the terms of, um, for example, DUI programming.  I really carefully reviewed the letters of support to see if any of the letters of support addressed the topic of rehabilitation and what concrete steps respondent has taken to avoid re-offending.  And I really just came up, um, short and blank and, and relatively empty.  Um, the letters of support just don't meaningfully address this topic.  So given the repeat pattern, um, I am going to deny respondent's request for bond based on danger.  I do not, need not, reach the issue of flight at this time during today's bond hearing.  Um, but again, uh, danger being a threshold issue, I am determining that respondent has not met his burden with regards to danger and I am denying bond on that basis.

(Tr. 3:136–57.)  To the extent there was probative evidence the Immigration Judge allegedly failed to consider, Petitioner's counsel could have raised such objections on his behalf at the hearing and did not do so.  Petitioner does not claim that his counsel was ineffective, nor does he provide authority demonstrating that, absent the complete translation, he would plausibly be entitled to relief.  The Ninth Circuit has made clear that an Immigration Judge must consider "the recency and severity of the offenses" when determining dangerousness.  *Singh*, 638 F.3d at 1206; *see also Obregon v. Sessions*, No. 3:17-cv-01463-WHO, 2017 WL 1407889, at *7 (N.D. Cal. Apr. 20, 2017) ("courts must consider the remoteness of the DUI and intervening

7

events that might undermine a finding of dangerousness"). On this record, the Immigration Judge evaluated both the age of Petitioner's DUI convictions and the lack of probative evidence that might undermine a dangerousness finding.[2] (*See* Tr. 3:136–57.) "Driving under the influence represents a grave danger to the community and is a significant adverse consideration in bond proceedings." *Matter of Siniauskas*, 27 I&N Dec. 207, 209 (BIA 2018); *see also Luna-Corona v. Bondi*, 159 F.4th 1210, 1213–14 (10th Cir. 2025) (affirming BIA and IJ's determination that petitioner was a danger to the community for prior DUI because of "repeat[ ] serious misconduct for which he had [previously] been convicted"). The Court thus concludes that Petitioner fails to establish a due process violation. Because Petitioner has not satisfied the first *Winter* factor, the Court declines to address the remaining factors.

### B. Prolonged Detention

Petitioner's alternative argument is that he is subject to prolonged detention and entitled to release because he has been in immigration custody for more than 7 months. (*See* Reply.) Under 1226(a), "an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances." 8 C.F.R. § 1003.19(e). This pathway for relief remains available to Petitioner. *See Lopez Reyes v. Bonnar*, 362 F. Supp. 3d 762, 772 (N.D. Cal. 2019) ("If, where here, an alien is denied bond, he may request another bond hearing 'upon a showing that . . . circumstances have materially changed since the prior determination.'") (citation omitted). To the extent Petitioner claims the Immigration Judge "misinterpreted or failed to consider probative evidence, the Court may review

---

[2] Petitioner's moving papers state that "[t]he Immigration Judge ignored the fact that [Petitioner] successfully completed probation terms that required participation in substance abuse treatment . . . . The Immigration Judge also failed to acknowledge that twelve years without an arrest for driving while intoxicated is itself evidence of rehabilitation." (Mot. TRO at 8–9.) In reviewing Petitioner's attached records, the Court finds only limited and mixed evidence of completed substance abuse treatment. (*See, e.g.*, Ex. A (ECF No. 15-6) at 51–52 (On 10/23/2014, "Drug and/or Alcohol Program proof of completion filed. First Offender 3 month program."); (Ex. A at 51 ("Defendant failed to complete Decisions for Life on 4/16/14.")). The Court does not find the Immigration Judge erred as a matter of law.

such errors under its habeas review." *Id.*  The Court concludes that Petitioner's claim related to prolonged detention may benefit from further factual development. Accordingly, the Court declines to rule on the underlying Petition at this time.

<strong>CONCLUSION</strong>

For the foregoing reasons, IT IS HEREBY ORDERED that the Motion for a Temporary Restraining Order (ECF No. 15) is converted to a Preliminary Injunction and DENIED.  Because Petitioner's claim related to prolonged detention may benefit from further factual development, the Court declines to rule on the underlying Petition at this time.  This matter is referred to the assigned Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:  __**May 20, 2026**__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE